IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 11 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ] ] ] |
| Plaintiff, | ] ] |
| vs. | ] CIVIL ACTION #: 3:06cv19 WHB-AGN ] ] COMPLAINT ] |
| GENERAL MOTORS CORP. | ] ] |
| Defendant. | ] JURY TRIAL DEMAND ] |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation; and to provide appropriate relief to Kristin Paige Jones McGee, ("Paige McGee"), the individual aggrieved by those unlawful employment practices.

The Commission alleges that the Defendant General Motors Corporation, ("GM") , discriminated against Paige McGee on the basis of sex, female, by making sex an explicit or implicit term or condition of her employment and otherwise subjecting her to a sexually hostile and intimidating work environment in violation of Section 703 (a)(1) of Title VII. The Commission further alleges that Defendant retaliated against Paige McGee by discharging her in violation of Section 704(a) of Title VII, because she engaged in protected activity under Title VII by opposing behavior which she believed to be unlawful under Title VII and by filing a charge of discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (f)(3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a (Title VII).

2. The employment practices alleged to be unlawful herein were and are now being committed within the Southern Judicial District of Mississippi, Jackson Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant GM, (the "Employer"), has continuously been and is doing business in the State of Mississippi and the City of Brandon, and continuously has had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## CONCILIATION

6. More than thirty (30) days prior to the institution of this lawsuit, Paige McGee filed a charge of discrimination with the Commission alleging Title VII violations by the Defendant.

7. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged herein below, and to effect voluntary compliance with Title VII through the informal methods of conciliation, conference and persuasion within the meaning of §706(b) of Title VII, 42 U.S.C. §2000e-5. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

8. Since about May 13, 2002, Defendant Employer engaged in and is continuing to engage in unlawful employment practices at its Brandon, Mississippi facility in violation of §703 (a)(1) and §704(a) of Title VII, 42 U.S.C. §§2000e-2(a)(1) and 3(a). Specifically, Defendant Employer subjected Paige McGee to a sexually hostile and intimidating work environment through the sexually inappropriate comments, advances and touching by one of its managers. Furthermore, Defendant terminated Paige McGee as a temporary employee in retaliation because she complained of or opposed the sexual harassment, which she believed to be in violation of Title VII, and because she filed a charge of discrimination with the EEOC.

9. The effect of the practices complained of above has been to deprive Paige McGee of equal employment opportunities and otherwise adversely affect her status as an employee on the bases of sex, female, and retaliation.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Paige McGee.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the bases of sex and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handing such complaints.

E. Order Defendant Employer to make whole Paige McGee by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including out-of-pocket losses to be determined at trial.

F. Order the Defendant Employer to make whole Paige McGee by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including pain and suffering, humiliation, embarrassment, loss of life's pleasures, in amounts to be determined at trial.

G. Order Defendant Employer to pay Paige McGee punitive damages for its malicious and/or reckless conduct described in paragraphs above, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Mr. McGee, who was adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in this complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, Northwest
Washington, DC 20507

JACQUELINE H. MCNAIR
Acting Regional Attorney
Pennsylvania Bar #: PA-42332