**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**                                     **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 3:06-cv-19-WHB-LRA**

**GENERAL MOTORS CORPORATION**                                            **DEFENDANT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the parties' Motions in Limine. Having considered the Motions, Responses and Rebuttals if filed, the attachments to the pleadings, the statements made during the Pre-trial Conference that was held on March 19, 2009, as well as supporting and opposing authorities, the Court finds that the Motions in Limine of Plaintiff should be granted, and that the Motions in Limine of Defendant should be granted in part, and denied in part.

**I. Discussion**

**A. Motion in Limine of Plaintiff**

**1. Evidence of Termination**

Through its first Motion in Limine, Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), seeks to exclude evidence regarding the termination of Kristin Paige (Jones) McGee ("McGee") by Defendant, General Motors Corporation ("GM"), on the basis that it is not relevant as her claim for retaliation was dismissed on summary judgment. The EEOC also seeks to exclude

evidence regarding the existence of, and the prior dismissal of, the retaliation claim. During the Pre-trial Conference in this case, GM confessed the subject Motion in Limine. Accordingly, the Court finds this Motion should be granted as confessed.

**2. Evidence Relating to Kelly Services**

Through its second Motion in Limine, the EEOC seeks to exclude evidence relating to the Charge of Discrimination McGee filed against Kelly Services, including the investigation and determination by the EEOC as to that Charge, on the basis that it is not relevant. The EEOC also seeks to exclude evidence regarding its dismissal of McGee's charges of discrimination against Kelly Services. During the Pre-trial Conference in this case, GM confessed the subject Motion in Limine. Accordingly, the Court finds this Motion should be granted as confessed.

**A. Motion in Limine of Defendant**

**1. Damages**

Through its first Motion in Limine, GM seeks to preclude the recovery of compensatory and punitive damages at trial under Rules 26 and/or 37 of the Federal Rules of Civil Procedure. These Rules provide, in relevant part:

Rule 26(a) Required Disclosures.

(1) Initial Disclosure.

> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
>> ....
>
> (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered ....

FED. R. CIV. P. 26(a)(1)(A)(iii).

> Rule 37(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> ....
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1)(A)-(C). In support of its Motion, GM argues that because the EEOC did not timely provide a computation of the compensatory and punitive damages it claims, as required under Rule 26(a)(1)(A)(iii), it should not be allowed to recover such damages at trial.

3

On this issue, the initial disclosures produced by the EEOC provide, in relevant part: "Plaintiff will seek relief in this cause in the following categories: ... non-pecuniary compensatory damages, pecuniary compensatory damages, punitive damages, and all other equitable relief deemed necessary by the Court...." See Mot. in Limine [Docket No. 74], Ex. A (Plaintiff's Initial Disclosures), at 4. On May 24, 2007, the EEOC provided GM a Supplemental Disclosure, which provides, in relevant part: "Plaintiff does not now have all of the information necessary to calculate the total amount of damages sought in this matter; however, Plaintiff claims [Kristin] Paige Jones McGee is entitled to $200,000.00 in compensatory damages, based on the humiliation, anxiety, aggravation, fear, [and] intimidation she suffered because of the sexual harassment she was subjected to." See Resp. to Mot. in Limine [Docket No. 77], Ex. A.

The United States Court of Appeals for the Fifth Circuit, when considering the issue of whether a plaintiff is required to disclose, under Rule 26(a)(1)(A)(iii), a "computation" of emotional distress-related compensatory damages, found that such disclosure may not be required. See Williams v. Trader Pub. Co., 218 F.3d 481, 486 n.3 (5th Cir. 2000)("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule

4

26(a)(1)(C).")(citations omitted). Applying this same reasoning, courts have not required a Rule 26 computation regarding the amount of emotional distress-related compensatory damages claimed in cases in which the plaintiff does not intend to suggest an amount to the jury. In other words, if the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26. If, however, the plaintiff intends to leave the determination of emotional distress-related compensatory damages solely to the jury, a Rule 26 disclosure is not required. See e.g. Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 & n.2 (N.D. Tex. 2005)(finding that the plaintiffs were not required to disclose a computation of emotional distress-related compensatory damages under Rule 26 because they did not "intend to ask the jury for a specific dollar amount of damages at trial"; and reserving the defendant's right to seek to exclude evidence regarding the emotional distress-related compensatory damages sought by the plaintiffs if they later attempted "to assign a specific dollar figure to their emotional distress damages at trial."); Gray v. Florida Dept. of Juvenile Justice, 3:06-cv-990, 2007 WL 295514, at *2 (M.D. Fla Jan. 30, 2007)(finding that the plaintiff was not required to disclose a computation of emotional distress-related compensatory damages under Rule 26 because she did not "intend to suggest an amount to the jury for such damages [but rather intended] to leave an amount entirely up to the jurors'

5

discretion." The court additionally found, however, that in the event the case proceeded to trial, the plaintiff was barred from offering the jury a suggested amount of compensatory damages for her emotional distress).

Having reviewed the pleadings in this case, the Court cannot determine whether the EEOC intends to suggest that the jury award McGee a specific amount, i.e. $200,000, in emotional distress-related compensatory damages. The Court finds, however, that as the EEOC did not satisfy its obligations under Rule 26 with regard to that claim, it should be barred from making such offer to the jury at trial. Accordingly, the Court will deny the subject Motion in Limine to the extent it seeks to bar or limit the recovery of compensatory and punitory damages in this case.[1] The EEOC, however, will not be permitted to suggest to the jury the amount of compensatory or punitive damages that should be awarded at trial.

**2. Other Claims of Discrimination**

Through its second Motion in Limine, GM seeks to exclude evidence "pertaining to administrative and internal charges,

---

[1] The Court finds that a claim for punitive damages, as it is an issue for the jury, is likewise not amenable to a specific calculation under Rule 26 and, therefore, that the EEOC is not barred from seeking such damages based on its failure to provide a specific computation in its disclosures. The Court additionally finds that as any award of compensatory and punitive damages in this case will be made solely by the jury, the request of GM to limit the amount of recoverable compensatory damages to $200,000 as claimed is denied.

6

complaints or lawsuit alleging sexual harassment or retaliation filed or raised by other employees or former employees at GM" on the basis that such evidence is not relevant because the other claims are not substantially similar to that alleged by McGee or, alternatively, on the basis that the prejudicial effect of such evidence would outweigh is probative value. See Mot. in Limine [Docket No. 74], at 2-4. In response, the EEOC indicates that it "intends to bring forth evidence at trial that Charles McBride was accused to GM of engaging in sexual misconduct toward female employees" which predate his alleged harassment of McGee, and also "intends to bring forth the nature of the alleged misconduct and how, if at all, GM addressed it." See Resp. to Mot. in Limine [Docket No. 77], at 4. The EEOC further contends that this evidence is relevant because it tends to show that (1) GM had notice of "Charles McBride's propensity to sexually harass female employees", (2) "failed to take adequate preventative, corrective and remedial action" with regard to the prior claims, and (3) "GM, because of the pervasiveness of Charles McBride's sexual conduct and his reputation for misconduct, had constructive knowledge of it and failed to take sufficient preventative, corrective and remedial action." Id.

After considering the arguments of the parties, the Court finds that evidence regarding prior alleged claims of sexual harassment by Charles McBride, and the manner in which those claims

7

were handled by GM, are both relevant and not unduly prejudicial and, therefore, admissible at trial. The Court additionally finds that evidence regarding prior alleged claims of sexual harassment by GM employees other than Charles McBride, and the manner in which those claims were handled by GM, are neither relevant nor probative and, therefore, should be excluded. Accordingly, the subject Motion in Limine will be granted to the extent it seeks to exclude evidence regarding prior alleged claims of sexual harassment by GM employees other than Charles McBride, and the manner in which those claims were handled by GM; and will be denied to the extent it seeks to exclude evidence regarding prior alleged claims of sexual harassment by Charles McBride, and the manner in which those claims were handled by GM.

3. **EEOC Determination, Documents, and Statements**

Through its third Motion in Limine, GM seeks to exclude evidence regarding the probable cause finding of the EEOC on McGee's Charge of Discrimination on the grounds that it constitutes inadmissible hearsay and that the prejudicial effect of this evidence outweighs its probative value. According to the pleadings, GM has indicated that it will stipulate the fact that McGee exhausted her administrative remedies in this case. See Mot. in Limine [Docket No. 74], at 7 n.4. The EEOC has informed the Court that because "Defendant is not challenging whether

[Plaintiff] fulfilled the administrative prerequisites before filing this case ... the Determination is a non-issue and will not be offered as one of Plaintiff's exhibits." See Resp. to Mot. in Limine [Docket No. 77], at 1 n.1. As the EEOC has indicated that it will not seek to introduce its probable cause determination as evidence at trial, the Court finds that the subject Motion in Limine should be dismissed as moot.

**4. Evidence of Retaliation**

Through its final Motion in Limine, GM seeks to exclude evidence relating to McGee's retaliation claim on the grounds that that claim has been dismissed. Additionally, in its Rebuttal, GM has clarified the subject Motion in Limine by explaining: "[The EEOC] has expressed its intent to introduce evidence regarding alleged shortcomings in GM's investigation and action following McGee's report of alleged harassment. While GM reserves the right to object to the attempted introduction of such evidence at trial, it is not seeking an order in limine regarding these issues." See Rebuttal to Mot. in Limine [Docket No. 78], at 3.

The Court finds that as McGee's retaliation claim has been dismissed, evidence bearing only on that claim should be excluded as irrelevant. The Court, however, because it presently does not know the exact nature of the evidence the EEOC will seek to

introduce at trial, cannot determine whether evidence relevant to McGee's retaliation claim might also be relevant to her sexual harassment claim. Accordingly, the Court will hold the subject Motion in Limine in abeyance, thereby allowing GM to raise its objections as specific items of evidence are sought to be introduced at trial.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine seeking to exclude evidence regarding the termination of Kristin Paige (Jones) McGee's employment, and the dismissal of her retaliation claim, [Docket No. 75] is hereby granted as confessed.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine seeking to exclude evidence relating to the Charge of Discrimination Kristin Paige (Jones) McGee filed against Kelly Services, including the investigation and determination by the EEOC as to Kelly Services, as well as evidence regarding the dismissal of McGee's claims of discrimination against Kelly Services, [Docket No. 76] is hereby granted as confessed.

IT IS FURTHER ORDERED that the Motion of General Motors Corporation in Limine [Docket No 74] is hereby granted in part, and denied in part.

To the extent the subject Motion seeks to bar or limit the

award of compensatory and punitive damages at trial, the Motion is denied. Plaintiff, however, will not be permitted to offer an amount of compensatory or punitive damages to the jury at trial.

To the extent the subject Motion seeks to exclude evidence regarding prior alleged claims of sexual harassment by GM employees other than Charles McBride, and the manner in which those claims were handled by GM, the Motion is granted.

To the extent the subject Motion seeks to exclude evidence regarding prior alleged claims of sexual harassment by Charles McBride, and the manner in which those claims were handled by GM, the Motion is denied.

To the extent the subject Motion seeks to exclude as evidence the probable cause determination of the EEOC on Kristin Paige (Jones) McGee's Charge of Discrimination, the Motion is dismissed as moot.

To the extent the subject Motion seeks to exclude evidence relating to Kristin Paige (Jones) McGee's retaliation claim, the Motion is held in abeyance until trial.

SO ORDERED this the 1st day of April, 2009.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE