**IN THE UNITED STATES DISTRICT COURT**
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) GENERAL MOTORS CORPORATION, ) ) Defendant. ) ) | CIVIL ACTION NO. 3:06-cv-19-WHB-LRA |

## CONSENT DECREE

### I. INTRODUCTION

This action was instituted by the United States Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on January 11, 2006, against General Motors Corporation, ("General Motors"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, ("Title VII"). The Commission alleged that Defendant, General Motors, discriminated against Kristin Paige Jones McGee (Jones McGee) when it subjected her to a hostile work environment based on her sex at its Brandon, Mississippi Plant. EEOC further alleges that Defendant's actions and alleged failure to take effective remedial action caused mental, emotional, and physical harm to Mrs. McGee. Defendant denied these allegations and has defended against them. General Motors continues to deny the allegations. The parties have consented to this Order as a final resolution of all claims and charges contained or referenced in the Complaint filed in this matter.

### II. GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

A.  This Court has jurisdiction over the parties and the subject matter of this action;

B.   The Consent Decree ("the Consent Decree") is entered into by the EEOC and General Motors. The Consent Decree, and its terms, shall be final and binding on the EEOC and General Motors, including its present and future representatives, agents, directors, officers, assigns and successors and all persons in active concert or participation with it.

C.   The Consent Decree shall fully and finally resolve all claims and allegations that were raised by the EEOC in its Complaint in Civil Action No. 3:06-cv-19-WHB-LRA. The Consent Decree does not affect any other administrative charges which may be pending with the EEOC or any other cases pending in this or any other court. The Consent Decree shall not constitute an adjudication or a finding on the merits of this case and shall not be construed as an admission by Defendant of wrongdoing or of a violation of Title VII. This paragraph shall not be construed as placing a limit on remedies available to the Court in the event that any party is found in contempt of the Consent Decree. Nothing in this Decree shall be construed as granting any individual, with respect to other charges or claims against Defendant, if any, with any rights or remedies other than those provided in Title VII. Nor shall anything in this Decree, either by inclusion or exclusion, be construed as excusing the EEOC or any individual from satisfying and complying with statutory and regulatory filing requirements or time limits for any charge under Title VII as a condition to bringing separate charges or claims against Defendant.

D.   The Consent Decree shall be filed in the United States District Court for the Southern Mississippi, Jackson Division, and, once entered by the Court, shall continue to be in effect through April 30, 2011. Any desired modification of the Consent Decree by any party must be made by motion to the Court.

E.   The Court retains jurisdiction over this case to enforce the terms of the Consent Decree.

F.   The Consent Decree shall apply to Defendant's Brandon, Mississippi, operation and all employees. For all purposes, this Decree defines employees to include temporary and contract employees, as well as regular employees, working at the Brandon facility.

### III.  MONETARY AND OTHER RELIEF

1.  Subject to Ms. McGee's execution of a release of claims raised in the Complaint filed in this matter (in the form of the release attached as Exhibit 2), within ten (10) days of the entry of this Decree, General Motors shall pay monetary relief in the amount of Fifty Thousand and no/100 Dollar ($50,000.00) to Ms. McGee or her counsel in compensatory damages.  This payment represents compensatory damages, including attorney's fees, in full settlement of the claims against Defendant which were the basis of the EEOC Charge filed by Jones McGee (131-2003-00652) and raised in the EEOC's Complaint.  Payment shall be made by electronic bank transfer of the gross sum of $50,000.00 to Ms. McGee or her counsel for which an IRS Form 1099 will be issued.  General Motors shall confirm by letter to the EEOC that the payment has been made by electronic transfer.  The letter shall be addressed to the EEOC, to the attention of C. Emanuel Smith, the Regional Attorney, EEOC, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205.  The parties agree that the dominating allegations in the Complaint related to alleged hostile environment and that any claim seeking lost wages was finally dismissed and did not survive an appeal to the Court of Appeals.  Each is satisfied that Ms. McGee suffered no lost wages and that payroll tax withholding is not required.  Each party shall bear its own costs and attorney fees.

2.  Within sixty (60) business days after entry of this Agreement, General Motors' Employee-Relations Manager for its Brandon Plant shall post 8 ½-inch by 11-inch sized copies of the Notice attached as **Exhibit 1** to this Agreement on all bulletin boards used by General Motors for announcements, and notice of employment policy or practice changes to employees at its Brandon, Mississippi facility.  The Notice, signed by the Employee-Relations Manager, shall remain posted for one year from the date of its posting and be made available upon request thereafter for the duration of this Decree.  The Employee-Relations Manager for General Motors for its Brandon, Mississippi Plant shall provide a copy of the Notice, and an indication of the date(s) and location(s) of its posting, to the EEOC's Birmingham District Office, to the attention of C. Emanuel Smith, Regional Attorney, within

ten (10) days of the posting. General Motors shall permit a representative of the Commission to enter General Motor's premises at its Brandon, Mississippi Plant for purposes of verifying compliance with this paragraph at any time during normal business hours with one day's prior notice; the Commission will accommodate reasonable requests regarding scheduling of the inspection. General Motors shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Should the posted copies become defaced, removed, marred, or otherwise illegible, Defendant agrees to repost promptly a legible copy in the same manner as heretofore specified.

3. General Motors shall not engage in any employment practice which constitutes unlawful sexual harassment under Title VII. Specifically, General Motors is required to make reasonable efforts to avoid creating, fostering or tolerating a sexually hostile work environment, subjecting any employee, including temporary and contract employees, to unwelcome sexual comments, displays, propositions, actions or touching, or making sex an implicit or explicit term or condition of employment ("sexual misconduct").

4. General Motors shall re-communicate its policies, procedures, practices and programs to ensure that employees are not subjected to sexual misconduct. The prohibited sexual misconduct shall include, but not be limited to, sexually offensive or derogatory, explicit or implicit statements, noise, leers, jokes, music, items, images, photographs, pictures, drawings, cartoons and/or graffiti.

5. General Motors shall re-communicate policies, procedures, practices and programs that ensure the conduct of good-faith investigations and inquiries into reports of sexual misconduct, that allow employees to raise concerns or complaints about sexual misconduct without fear of retaliation, and that remind each managerial employee of the importance of its policies, procedures, practices, and programs. General Motors shall conduct good-faith investigations, and meet the obligations imposed by the Consent Decree, without regard to whether an outside employment agency, or any other third party, also conducts anti-harassment activities in relation to allegations against one of General Motor's employees.

Anti-harassment activities include, but are not limited to, inquiries, investigations, personnel action, or disciplinary/corrective action.

6. General Motors shall communicate policies, procedures, practices and programs that ensure retention of and ready access to documents related to, or generated by, allegations of sexual misconduct by each of its past and current employees. General Motors shall communicate policies, procedures, practices and programs that ensure consideration of past allegations and findings of sexual misconduct against an employee in investigating and making determinations on current allegations of sexual misconduct against that same employee.

7. General Motors shall communicate policies, procedures, practices and programs that ensure that employees, supervisors and managers who engage in sexual misconduct will be subject to discipline, up to and including discharge. General Motors shall require that supervisor and manager evaluations include as a rating factor the supervisor's and manager's enforcement of and compliance with Title VII, the Consent Decree, and General Motors' sexual harassment policies and procedures.

8. General Motors shall ensure implementation of policies, procedures, practices and programs that accomplish distribution and dissemination of its sexual harassment policies, procedures, practices and programs to all its employees, supervisors, and managers. Defendant General Motors shall ensure implementation of policies, procedures, practices and programs which ensure that all employees, supervisors and managers are encouraged and know how to report sexual misconduct.

9. General Motors shall comply fully with all provisions of the Consent Decree and Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant General Motors under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Defendant General Motors in the future.

## IV. SPECIFIC INJUNCTIVE RELIEF

10.     General Motors shall require that sexual misconduct that is discovered or observed by, or brought to the attention of, a supervisor or manager be relayed by the supervisor or manager to the Defendant's department of human resources/personnel (including the Human Resources/Personnel Administrator or employees designated by the Administrator to receive sexual misconduct reports or complaints).  General Motors shall provide that employees may report sexual misconduct to the department of human resources/personnel, or to any Defendant General Motor's supervisor or manager.

11.     On discovery by the Defendant's department of human resources/personnel of sexual misconduct or on receipt by the department of human resources/personnel of a report or complaint of sexual misconduct, the department of human resources/personnel shall initiate an investigation of the alleged misconduct, absent unusual circumstances, within twenty-four hours of discovery or receipt of the information, or on the first business day after discovery or receipt of a report or complaint.  The department of human resources/personnel shall issue a written notice that a complaint has been made against any employee, supervisor, or manager who is accused of subjecting any employee to sexual misconduct.  The notice will advise the accused employee that an investigation will be conducted and that no retaliation will be tolerated; the notice shall state that the notice shall not be construed as a determination by GM that the employee has acted wrongfully or engaged in the conduct alleged. The investigation initiated by the department of human resources/personnel shall include, but not be limited to, interviewing all named witnesses, including the alleged victim, harasser and other persons alleged to have knowledge of the relevant events.  The investigation shall include, but not be limited to, identifying and interviewing all persons with knowledge about prior instances of sexual misconduct by the alleged harasser, and reviewing all documents related to prior instances of sexual misconduct by the alleged harasser. Under no circumstance, except on the request of EEOC, or any other government law enforcement entity, shall General Motors forego an investigation or resolution of

allegations of sexual misconduct required by the Consent Decree.

12. Defendant General Motors shall memorialize all sexual misconduct reports and complaints in writing, obtain written statements, make written findings of facts (including the names and contact information for witnesses) and make written recommendations and/or determinations. These, and any other documents generated by or related to a sexual misconduct investigation, shall be retained in an independent sexual misconduct file maintained by the department of human resources/personnel.

13. General Motors shall require that any employee determined to have engaged in sexual misconduct in violation of its policy be notified by General Motors in writing of the determination, and required to attend at least four (4) hours of anti-harassment counseling within 30-days of the issuance of the determination. The requirement for four (4) hours of training shall not apply to employees whose employment is terminated prior to or immediately on the issuance of a sexual misconduct determination. General Motors shall bear the cost of training employees determined to have engaged in sexual misconduct. Willful failure of an employee to attend counseling on the direction of the General Motors shall be entered into the confidential file and shall be grounds for discipline, up to and including termination. The requirement to attend at least four (4) hours of anti-harassment counseling shall be the minimum action General Motors shall take against an employee determined to have engaged in sexual misconduct.

14. General Motors agrees that this Decree prohibits discrimination or retaliation of any kind against any person, including but not limited to Kristin Paige Jones McGee, because of that person's opposition to any practice alleged or believed to be unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or participation in this matter, or in any investigation, hearing or proceeding under Title VII. Nothing in this Agreement, either by inclusion or exclusion, shall be construed to create an independent cause of action unrelated to this claim.

15. General Motors shall, to the degree reasonably possible, ensure that allegations of sexual misconduct and retaliation, and the associated investigation and determination, shall be kept confidential. However, the parties recognize that affected employees may have legal rights to evidence used in making adverse employment actions and that, in some instances, information may be required to be disclosed to satisfy obligations to bargain in good faith or to comply with valid court orders or rules.

## V.  TRAINING

16. As part of its communication of GM-specific policies, practices, and procedures, Defendant General Motors shall provide training at its Brandon, Mississippi Plant on the requirements of Title VII on the following terms:

    a.    Within six (6) months of the effective date of this Decree, Defendant General Motors shall provide training to all its Brandon, Mississippi salaried employees, supervisors and managers on employee and management rights and obligations under Title VII, with a special emphasis on Title VII's prohibitions against sexual harassment and on Defendant General Motors' policy against sexual harassment. The training shall include a description of types of behavior which alone, or combined with other behaviors, could constitute sexual harassment. The training also shall explain the steps employees may take to report sexual misconduct, and contain assurances of confidentiality and non-retaliation.

    b.    Each training session shall last approximately two (2) hours, and Defendant shall generate a registry containing signatures of all persons in attendance at each training session. Each registry shall be retained by General Motors for the duration of the Consent Decree. The training will be repeated annually while this Decree is in effect to ensure compliance with the law.

    c.    Each training session shall be delivered in accord with an outline prepared at least one-week in advance of the training. The outline, all training materials

(pamphlets, brochures, agendas, videos), and the registry shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within 30 days after each training session. Acceptance or review of these materials by EEOC shall not constitute approval of the said materials, but may be retained for compliance purposes.

d.  During the term of the Consent Decree, General Motors shall agree to provide a two-hour training session, covering the areas described above, to each new salaried employee within thirty (30) days after the employee's hire to the Brandon, Mississippi facility. Written proof of a new employee's attendance at a training session shall be delivered to the EEOC Regional Attorney at the address set forth above. The contents of the training session shall be prepared, coordinated, or approved by General Motors' Law Department.

e.  GM will directly communicate its anti-discrimination policies and complaint procedures to hourly employees, including by disseminating copies of the policies and complaint procedures to them. GM will likewise, directly or indirectly, ensure that contract employees are advised of GM's anti-discrimination policies and complaint procedures.

17. General Motors shall certify that each of its managers, supervisors, and employees have been provided training. After the training sessions have occurred, General Motors shall certify to the EEOC in writing that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training sessions; and (ii) a copy of the registry of attendance. The certification shall be delivered to the EEOC to the attention of the Regional Attorney.

## VI.  MISCELLANEOUS PROVISION

18. In the event that the EEOC determines that a violation of this Consent Decree has occurred, it will, before exercising any remedy provided by law, provide written notice

to General Motors specifically identifying the alleged violation(s). General Motors will have thirty (30) days in which to investigate and respond to the allegation(s). The parties shall engage in a good-faith effort to resolve any dispute as to compliance with this Decree before seeking review by the Court.

19. The Court shall have all available equitable powers, including injunctive relief, to enforce this Decree.  Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The party seeking Court intervention shall be required to give notice to the opposing party ten (10) days before moving for such review.  No party may seek Court intervention unless all the requirements of this paragraph are satisfied. The Court may order both parties to conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of noncompliance.

## VII.  DURATION OF THE CONSENT DECREE

20. The duration of the Consent Decree shall be through April 30, 2011.  The Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which Defendant General Motors or the EEOC may petition this Court for compliance with the Consent Decree.  Should the Court determine that either party has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.  Absent extension, the Consent Decree shall expire by its own terms on April 30, 2011, without further action by the parties.

21. The parties agree to the entry of this Consent Decree subject to the final approval by the Court.

**IT IS SO ORDERED THIS THE 27th day of May, 2009.**

               s/William H. Barbour, Jr.
               **WILLIAM H. BARBOUR, JR.**
               **UNITED STATES DISTRICT JUDGE**

**ATTORNEYS FOR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
4th Floor, Room 4NE25N
Washington, D.C. 20507

/s/ C. Emanuel Smith
_____
C. EMANUEL SMITH (MS Bar No.: 7473)
Regional Attorney

JULIE LEE (D.C. Bar No.: 433292)
Supervisory Trial Attorney


EUNICE H. MORROW (ASB-5267-O64E)
Senior Trial Attorney


CHARLES GUERRIER (OH 0023546)
Senior Trial Attorney


**ATTORNEY AND REPRESENTATIVE FOR GENERAL MOTORS CORPORATION:**

/s/ David C. Vogel
_____
DAVID C. VOGEL
LATHROP & GAGE
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2612

/s/ Kevin J. McKittrick
_____
ON BEHALF OF GENERAL MOTORS

## EXHIBIT 1

## NOTICE TO ALL GENERAL MOTORS EMPLOYEES

This Notice is being posted pursuant to an agreement between the Equal Employment Opportunity Commission ("EEOC") and General Motors Corporation, ("General Motors").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000E, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion, or national origin. Title VII further prohibits retaliation against employees or applicants who avail themselves of the right under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency, which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

GM and the EEOC share a mutual belief that employees are not to endure unequal treatment because of their race, color, sex, national origin, religion, age or disability, and reporting incidents involving discrimination. Retaliation against individuals who raise concerns of discrimination is strictly prohibited by law and GM policy.

GM's anti-harassment policy provides instructions and options for raising complaints internally. GM policy provides:

**Anti-Harassment Policy**

Harassment based on age, race, color, sex, religion, national origin, disability or sexual orientation, has long been regarded as a violation of this policy. Harassment should be understood to mean a single incident or a pattern of behavior where the purpose, or the effect, is to create a hostile, offensive, or intimidating workplace environment. Harassment may encompass a wide range of behaviors, which include, but are not limited to, derogatory comments that are gender-based, racial, religious, sexual, ethnic or disability-based in nature. Harassment also includes unwanted sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

All employees are expected to deal fairly and honestly with one another to ensure a work environment free of intimidation and harassment. Abuse of the dignity of anyone through ethnic, racist, religious or sexist slurs or through other derogatory or objectionable conduct is offensive and unacceptable employee behavior. This policy also prohibits unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature.

All employees also are expected to refrain from any illegal, unethical, unauthorized, or disruptive use of General Motor's information systems and equipment. This would include, but is not limited to, accessing, transmitting or storage of inappropriate material (e.g., pornography, lewd or violent materials, chain letters, sexually oriented jokes or cartoons, and/or other offensive, demeaning material related to age, race, color, sex, religion, national origin, disability or sexual orientation). Such conduct will not be tolerated. Any employees found to be in violation of this stated policy will be subject to possible disciplinary action up to and

including discharge. "UJ. Quattrone/C. Alexander/ M. Goebel Letter Dated January 14, 2005 Appropriate E-Mail Usage By GM Employees," or the Information LifeCycle Management (ILM) website at http://ilm.gm.com/.

All employees are entitled to a work environment in which words and actions do not have even the appearance of disrespect. For example, demeaning, disrespectful, or insensitive jokes, cartoons, pictures, language (particularly if they relate to race, sex, age, ethnicity, religion, national origin, disability, or sexual orientation) are inappropriate for the GM work environment. Likewise, lewd, vulgar, or profane gestures and unwanted touching may be offensive to people and may result in an uncomfortable or hostile work environment. This type of conduct will not be tolerated in the workplace. GM's facilities must be fee of hostility resulting from sexually oriented behavior and other prohibited behaviors. It is the responsibility of leadership and each employee to maintain an environment free of disrespect and hostility.

Employees should report any incident in which they feel they have been the recipient of harassment or have concerns about equal opportunity, affirmative action and discrimination to their immediate supervisor, personnel director, equal employment opportunity staffs, Human Resources or they may utilize appropriate and existing internal complaint procedures. Union-represented employees may address their concerns with a union representative instead of GM management. That action is appropriate and understandable but will not necessarily result in GM being aware of or having knowledge to take action on the concern.

It is, however, every employee's responsibility to act in a manner that will create and maintain a workplace environment that supports diversity and is free from all unlawful discrimination and harassment. Leaders, in particular, are expected to prevent discrimination and harassment and to support GM's policy of diversity, equal opportunity, and affirmative action. GM will not tolerate behavior that is inconsistent with this policy and will take appropriate action to prevent such behavior up to and including termination of employment.

GM must have a skilled, capable, committed and fully engaged workforce with a wide range of backgrounds and views to meet and exceed customers' expectations. Living by this policy is the way GM will be successful as a team.

An employee may reasonably use the GM complaint procedure or seek redress through the Equal Employment Opportunity Commission at (800) 669-4000.

| | |
|---|---|
| 4/21/09 | /s/ Kevin J. McKittrick |
| _____ | _____ |
| Date | General Motors Corporation |

13

**EXHIBIT 2**

**RELEASE**

In consideration of the payment to me by General Motors Corporation, in the amount of $50,000 and in consideration of the Consent Decree agreed to by the Equal Employment Opportunity Commission and the Defendant, in Civil Action No. 3:06-cv-19-WHB-LRA, of which this release is a part, I, **Kristin Paige Jones McGee,** hereby fully and forever release and discharge Defendant, including their current and former officers, directors, and employees, its successors and assigns, from any claim or obligation based on claims of discrimination or retaliation which was the basis of the EEOC Charge I filed (131-2003-00652) or the subject of the Complaint in Civil Action No. 3:06-cv-19-WHB-LRA. With respect to applications for any future employment, I will not identify GM as my former employer and will direct potential employers to Kelly Services; but, if asked by a prospective employer, I may disclose that I was assigned by Kelly Services to work at GM's Jackson, Mississippi, plant.

I have read this Release and I execute it voluntarily without coercion or threat of reprisal.  I have read this agreement, accept its terms, and agree that this constitutes a full and final compromise of my charges filed against GM and its employees.


Agreed and Accepted:


_____
**Kristin Paige Jones McGee**

Dated:  _____